UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEAN S. MERCER, JR., <br>    *Plaintiff* | : CIVIL ACTION NO.3:01CV1121(EBB) |
| v. | : <br> : |
| EDMOND BRUNT, ET AL CONNECTICUT <br> STATE POLICE LIEUTENANT; DAVID <br> COYLE, CONNECTICUT STATE <br> POLICE SERGEANT <br>    *Defendants* | : <br> : <br> : <br> : <br> : <br> : FEBRUARY 5, 2004 |

**DEFENDANTS' REPLY MEMORANDUM IN OPPOSITION**
**TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Defendants in the above-entitled matter, by their attorney, hereby reply pursuant to Rule 7(d) of the Local Rules of Civil Procedure to Plaintiff's Motion for Reconsideration dated January 26, 2004. As further set forth below, the plaintiff has failed to raise any genuine issues of material fact. Therefore, judgment for the defendants should be sustained and the case dismissed.

**ARGUMENT**

**1.  Plaintiff's Motion for Reconsideration is Not Timely**

After granting the Defendants' Motion for Summary Judgment in this case, the Court entered judgment on January 9, 2004. Local Rule 7(e) allows a party to file a Motion for Reconsideration of a Court's ruling within ten (10) days of the ruling. Pursuant to Rule 6 (a) of

the Federal Rules of Civil Procedure, in computing the ten days, weekends and legal holidays are excluded. Therefore, Plaintiff's Motion for Reconsideration should have been filed on or before January 26, 2004. Plaintiff's motion was filed on January 28, 2004; therefore it is not timely pursuant to Local Rule 7 (e), and should be denied by this Court.

**2.     Plaintiff's Equal Protection Claim**

On Page 3, Section B of Plaintiff's Memorandum in Support of Plaintiff's Motion for Reconsideration, the plaintiff argues that he was treated differently than other individual employees. The defendants still contend that the plaintiff has failed to show that he was in fact treated differently than similarly situated employees in the Casino Unit. He has also failed to identify the individuals he has alleged received favorable treatment by the defendants. The defendants again rely on their Memorandum of Law in Support of the Motion for Summary Judgment, and supporting Exhibits with regard to the plaintiff's arguments on his Equal Protection claim.

**3.     Plaintiff's Claim of Substantive Due Process**

On Page 7, Section C of Plaintiff's Memorandum in Support of Plaintiff's Motion for Reconsideration, plaintiff alleges that he had a substantive due process claim which the Court had not addressed. On or about October 3, 2001, the defendants filed a Motion to Dismiss the plaintiff's complaint. On March 28, 2002, this Court issued a ruling on the Defendants' Motion to Dismiss dismissing several counts of plaintiff's original complaint. On page 7 on that ruling,

the Court found that "the defendants' actions do not rise to the level needed to find a violation of the plaintiff's Fourteenth Amendment right of substantive due process". Therefore, the issue of substantive due process had already been decided by the court; therefore, the defendants did not address it in their Motion for Summary Judgment.

### **CONCLUSION**

For all of the reasons set forth above, the defendants respectfully request that the Court's ruling dismissing this case be sustained.

DEFENDANTS

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: Antoria D. Howard
Assistant Attorney General
55 Elm Street
Hartford, CT 06141-0120
P.O. Box 120
Tel.: (860) 808-5340
Fax: (860) 808-5385
Federal Bar No. Ct #17494
E-Mail:Antoria.Howard@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Reply Memorandum was mailed this _____ day of February, 2004, first class postage prepaid, to:

Erin O'Neil, Esq.
Brewer & O'Neil, LLC
818 Farmington Avenue
West Hartford, CT  06119

_____
Antoria D. Howard
Assistant Attorney General