UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEAN S. MERCER, JR., | : |
| | : |
| v. | : 3:01-CV-1121 (EBB) |
| | : |
| EDMOND BRUNT, CONNECTICUT STATE POLICE LIEUTENANT, and DAVID COYLE, CONNECTICUT STATE POLICE SERGEANT, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES | : |

## RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff Dean S. Mercer, Jr. ("Plaintiff") has moved to reconsider this Court's Ruling on Defendants' Motion for Summary Judgment, which was granted in its entirety. The Clerk was, accordingly, directed to close this case.

The Court assumes familiarity with its prior Ruling. Although that Ruling stated clearly that it set forth only those facts deemed necessary to an understanding of the issues raised in, and decision rendered on, that Motion, Plaintiff now sets forth fifty-one paragraphs from his Local Rule 56(a)(2) Statement which this Court allegedly "overlooked, asserting that they create genuine issues of material fact."[1]/

---

[1]/ In its original Ruling, the parties were advised of their non-compliance with the Local Rules of Civil Procedure for the District of Connecticut. See Ruling on Defendants' Motion for Summary Judgment, Jan. 9, 2004, at n.1. ("Counsel in this case are hereby forewarned of any future failure to comply with the pertinent provisions of the Local Rules."). Plaintiff's counsel continues its lack of compliance with these Local Rules, first, by filing this Motion in an untimely matter, and, second, by continuing

1

**LEGAL ANALYSIS**

I. **The Standard of Review**

The standard for granting a motion for reconsideration is strict. Channer v. Brooks, 2001 WL 1094964 at *1 (D.Conn. 2001). See Shrader v. CSX Transp.,Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion generally will be denied unless the "moving party can point to controlling decisions or data that the court overlooked - - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id. Thus, "the function of a motion for reconsideration is to present the court with an opportunity to correct `manifest errors of law or fact or to consider newly discovered evidence.'" LoSacco v. City of Middletown, 822 F.Supp. 870, 876-77 (D.Conn. 1993), aff'd 33 F.3d 50 (2d Cir. 1994), quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987). Accord Hock v. Thipedeau, 245 F.Supp. 451, 453 (D.Conn. 2003).

II. **The Standard As Applied**

The Court has thoroughly reviewed Plaintiff's fifty-one statements of alleged material facts and finds that the vast majority are not supported by the citations they refer to. See, e.g., ¶ 37: "Brunt had received complaints regarding the air

---

to refer to the repealed Local Rule 9. This Court will not punish Plaintiff for his counsel's continuing ignorance **one last time**. In the future, any motion or response thereto filed by Plaintiff's law firm before this Court, in continual non-compliance with the Local Rules, will immediately result in the the grant or denial of their Motion or objection thereto, with prejudice.

2

quality at Foxwoods, including complaints from the plaintiff". They are seven cites to the Deposition of defendant Edmund Brunt in support of this statement, covering one hundred fifty-six lines of testimony. However, upon review, just thirty-six lines of testimony are relevant in three cites; further, Brunt revealed at page one-hundred, lines 15-16, that he had received complaints about **both** casinos.

In the meantime, as was cited in this Court's original *Ruling on Defendants' Motion for Summary Judgment*, Plaintiff testified at his deposition as follows:

> p. 75: L 9-25. He had "mentioned that the casino [Foxwoods] was smokey", but he did not advise Brunt that it was a health issue for him.
>
> P. 24: L 4-6; 14-16. He never requested to be transferred from Foxwoods due to this smoke.
>
> P. 22: L. 4-5; 24 L: 14-17. He had worked at Foxwoods for approximately six years, commencing in 1993. He never requested to be reassigned or transferred to a different unit because of the smoke at Foxwoods prior to 1999.

*Deposition of Dean S. Mercer, Jr.* (November 21, 2003).

Nor has he set forth one new fact or legal decision regarding his claim of violation of the Equal Protection Clause. Rather, that part of the Memorandum of Law in Support of the Motion for Reconsideration on this issue is **IDENTICAL** to that already contained in his Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment.

In any event, "[i]n short, the judiciary may not sit as a

superlegislature to judge the wisdom or desirability of legislative policy determinations made in areas that neither affect fundamental rights nor proceed along suspect lines; . . . it is only the invidious discrimination, the wholly arbitrary act, which cannot stand consistently with the Fourteenth Amendment." New Orleans v. Dukes, 427 U.S. 297, 303-04 (1975)(per curiam). In no manner does Plaintiff meet this stringent standard, as the facts and law as set forth in this Court's prior Ruling plainly demonstrate.

As to Plaintiff's claim under the ADA, his own testimony answers any inquiry. As set forth in the Original Ruling, the Plaintiff never requested any accommodations because "I was on medication. I accommodated myself." Ruling, p.5, citing to Plaintiff's Deposition. Further, as also noted in the Original Ruling, Plaintiff also testified that his hypertension, too, was controlled by medication and it did not affect his job performance. Id. at 6. See also Ruling, p.12-13, citing to Plaintiff's Deposition and controlling law.[2]/

Lastly, and incredibly, Plaintiff's counsel writes: "The plaintiff alleged a claim of Substantive Due Process to [sic] which the defendants did not address and did not move for summary judgment against in their Memorandum in Support of the Motion for Summary Judgment, therefore the court should not have granted Summary Judgment against such claim." The Court takes judicial

---

[2]/ Never challenged by Plaintiff.

4

notice of the fact that the sole paragraph of Plaintiff's Complaint (¶ 26), using the talismanic phrase "substantive due process," sets forth no facts upon which a claim of legal violation of substantive due process could possibly be found. Secondly, if a party does not move against a certain claim of a complaint, it is the professional responsibility of the opposing party to bring this to the Court's attention in her initial Memorandum of Law. Because nowhere in Plaintiff's original Memorandum of Law is such notice give, Plaintiff has waived the right to move for reconsideration on this issue.

## CONCLUSION

After thorough review of the parties moving papers, especially the citations to fifty-one paragraphs allegedly supportive of Plaintiff's claim, the Motion for Reconsideration [Doc. No. 39] is hereby DENIED, with prejudice, Plaintiff having failed to meet the stringent standards for the grant of such a Motion. The Clerk is directed to close this case.

SO ORDERED

ELLEN BREE BURNS

SENIOR UNITED STATES DISTRICT JUDGE

Dated at New Haven, Connecticut this 13 day of February, 2004.